Howell, J.
This is an action to enjoin an execution and annul a judgment, on the grounds that said judgment was based on fictitious claims, which were by agreement to be settled by arbitration, and the suit to be dismissed on the motion of the plaintiff therein. The defence, besides the general denial, is, that the attempted arbitration was broken off by the plaintiff in injunction, who stated that he would “leave the whole matter to the Court,” and who had ample opportunity to make his defence in said suit.
It appears that Fielding instituted suit against Westermeier, in the Fourth District Court of New Orleans, and after default was taken, a written agreement was entered into by the parties, “ that the lawsuit pending between them be submitted to arbitration, and that they each pledge themselves to be bound by the decision; that the arbitrators, who were named in the said agreement met, and each party made his statement to them, when before any decision was made, Westermeier, the defendant in the suit, became angry; said he would not submit to arbitration, but would leave it to the Court, and went off; whereupon the effort was abandoned, and some twenty days thereafter, the plaintiff confirmed the default.
It is contended by counsel for Westermeier, the appellant, that the written agreement to submit the lawsuit to arbitration, ipso facto, divested the Court of jurisdiction thereof. We think such an effort did not necessarily follow; and it is evident that the defendant himself did not so consider it, as he alleged in his petition of injunction, but failed to prove a verbal agreement, that the suit should be dismissed. His own conduct, and that of thi other parties at the meeting of the arbitrators, showed that all considered the litigation still pending.
Judgment affirmed, with costs.